02D02-2305-CT-000344
USDC IN/ND case 1:23-cv-00229-HAB-SLC document 3    filed 05/15/23    page 1 of 4
Allen Superior Court 2
Filed: 5/15/2023 3:38 PM
Clerk
Allen County, Indiana
BB

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

| | |
|---|---|
| JAMAINE WINSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PROTECHS, INC., d/b/a PROTECH RESTORATION, INC., | ) ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff alleges against Defendant as follows:

1. Plaintiff is Jamaine Winston, a qualified employee of respondent who at all times material to this Complaint performed within the reasonable expectations of his employer. Plaintiff alleges that Defendant discriminated against, harassed, and constructively discharged him on the basis of his race in violation of Plaintiff's federally protected rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981.

2. The Defendant is Protechs, Inc., d/b/a Protech Restoration, Inc., a company doing business at 2777 Sherman Blvd., Fort Wayne, IN 46808. Defendant's registered agent is Gregory G. Smith, at the same address. Defendant is an "employer" for the purposes of Title VII and § 1981.

3. Plaintiff filed a Charge of Discrimination with Metropolitan Human Relations Commission on or about January 14, 2022, a copy of which is attached hereto, incorporated herein, and

made a part hereof as "Ex. A." The Equal Employment Opportunity Commission issued a Notice of Right to Sue on February 16, 2023, a copy of which is attached hereto and made a part hereof as "Ex. B." All administrative remedies have been exhausted, and all jurisdictional requirements have been met for the filing of this lawsuit.

4. Plaintiff worked for Defendant from 2017 until December 17, 2021. At the time of separation from employment Plaintiff's job title was "Lead Tech."

5. Plaintiff was subjected to disparate treatment throughout his tenure with Defendant. For example, Plaintiff was denied a company vehicle, while less senior similarly situated employees were provided one (as well as lower ranking employees); Plaintiff was selected to work in high crime and undesirable areas due to his race; Defendant would often send Plaintiff alone to do a job that normally required two people, but did not short-hand Caucasian employees in the same manner; and, Plaintiff was subjected to a drug screen without just cause, while Caucasian employees were not, even when their work vehicle smelled of marijuana smoke. Further, Plaintiff watched as Caucasian employees with much less experience and seniority continually got promoted around him, but he was never permitted to change positions or offered a promotion. He was also the last to get raises, when similarly situated employees with less experience and seniority got raises regularly.

6. Plaintiff was harassed on the basis of his race throughout his employment. He was referred to "blackface," "Mr. Jefferson," the n-word, and was told he could not go to homes of Caucasian customers because they would "not want to see a black man approaching their home." Further, Plaintiff was frequently teased about how coworkers "couldn't see him at night." The constant harassment often occurred almost daily and in the open, in front of

–2–

coworkers and management alike. Plaintiff complained to Human Resources, but nothing changed.

7. One of the perpetrators of the harassment was the person to whom Plaintiff reported, and was the person who completed Plaintiff's yearly review, so it would have been futile to complaint to Plaintiff's superior. For example, after Complainant suffered a mild heart attack at work, Plaintiff's supervisor Eric told him upon his return to work "just die next time."

8. The harassment and disparate treatment continually increased in intensity, caused Plaintiff to suffer emotional distress, and on December 17, 2021, after being drug screened, Plaintiff could no longer take the treatment and was constructively discharged.

9. Plaintiff liked his job, was good at his job, and would have continued working for Defendant if he would not have been subjected to severe harassment and disparate treatment on the basis of his race.

10. The Defendant's discriminatory conduct was the direct and proximate cause of Plaintiff suffering the loss of his job and job-related benefits, including income. Plaintiff seeks compensatory damages, including reasonable attorney fees and costs.

11. Furthermore, Defendant's discriminatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney fees and costs, and all other just and proper relief.

## **JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CLOSE & HITCHCOCK, LLP**

*/s/ Jennifer L. Hitchcock*
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 300
Fort Wayne, IN 46802
Telephone:   (260) 408-6818
Facsimile:   (260) 498-2655
E-mail:   Jennifer@closehitchcock.com
Attorney for Plaintiff